U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP - 5 2019

TONY R. MOORE, CLERK
BY: _____ MB
     DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLES E. LEE | DOCKET NO. 1:18-cv-00912 |
| VERSUS | |
| | JUDGE DEE D. DRELL |
| ADVANCE AUTO PARTS | MAG. JUDGE PEREZ-MONTES |

### MEMORANDUM RULING

Before the court are Defendant Advance Auto Parts' motions to dismiss or, alternatively, motions for summary judgment. (Doc. 9 and 45). Defendant seeks dismissal of *pro se* Plaintiff Charles Lee's ("Lee") complaint for failure to comply with Federal Rule of Civil Procedure 8 and failure to file a timely charge with the Equal Employment Opportunity Commission ("EEOC"). For the reasons expressed herein, the Defendant's motion is **GRANTED**.

I.   BACKGROUND

On July 11, 2018, Lee filed a complaint on a court generated form entitled "Complaint Under Section 706(f) of the Civil Rights Act of 1964." (Doc. 1). Therein, Lee indicated he filed a charge with the EEOC; received a right to sue notice; and received a copy of the EEOC's determination. Thereafter, he attached nearly 90 pages of documents which appear to comprise the EEOC file regarding his charge. No formal statement regarding his claims nor any demand for relief accompanied his filing.

According to the attached EEOC file, Lee filed a formal Charge of Discrimination ("Charge") with the EEOC on July 21, 2016, in which he claimed he was subjected to religious discrimination. Lee asserted he began working at Advance Auto Parts on February 6, 2015 and

applied for a Parts Pro position at that time. However, he withdrew his application when he determined the position required "more work" than the position for which he was hired, and the pay was commensurate. Later, Lee asked his manager, Danny Smith, to reconsider him for the Parts Pro position. Smith told Lee he would not be offered the position because he refused to work on Sundays, an arrangement Lee had with a prior manager that Smith refused to honor. When Lee complained about Smith to the District Manager, Smith retaliated by cutting Lee's hours. Finally, Lee alleged in his Charge that he applied for and was denied the Commercial Parts position; however, Lee fails to assert a reason for the denial.

Advance Auto Parts filed its first motion to dismiss or in the alternative motion for summary judgment (Doc. 9) asserting Lee's complaint should be dismissed because he failed to comply with Rule 8 and failed to exhaust his administrative remedies. Advance also posits that his claims are time barred.

Lee responded by seeking leave to amend his complaint on two occasions. (Doc. 13 and 29). The court allowed Lee to file both amended complaints. In his first amended complaint, Lee amended "by asking for a monetary maximum amount allowed for violating our agreement for me being able to have Sundays off and being retaliated against after filing charge though the EEOC." (Doc. 13). In his second amended complaint, Lee amended "by adding a dollar amount to my law suit in the amount of 80 million dollars…. for discrimination of my religious beliefs, violating agreement that was agreed upon my employment, retaliation upon me after I file charges with the EEOC." (Doc. 19). No other statements, allegations or claims were asserted in either of the amendments.

## II. LAW AND ANALYSIS

A. Motion to Dismiss

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement…showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true," to "state a claim to relief that is plausible on its fact. Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009) (citation omitted). A claim is facially plausible when it contains sufficient factual contend for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plausibility does not equate to possibility or probability; it lies somewhere in between. Id. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). The court must view all well pleaded facts in the light most favorable to the plaintiff. Unmaliciously Francise, LLC. V. Barrie, 819 F.3d 170 174 (5th Cir.2016).

B. Federal Rule 8

Fed.R.Civ.P. 8(a)(2) governs the requirements for pleadings that state a claim for relief. Specifically, the rule requires the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. As stated *supra*, Lee does not provide any statement regarding his claim. Instead he attached his EEOC file. Though this format is clearly not in compliance with Rule 8(a)(2), Rule 8(e) provides "[p]leadings must be construed as to do justice." This is particularly true with the pleading is filed by a *pro se* plaintiff.

*Pro se* pleadings must be treated liberally and dismissal under Rule 12(b)(6) us generally disfavored. At this stage in the litigation, the remedy is for the court to order a more definite statement rather than to dismiss the complaint outright. Brewster v. Dretke, 587 F.3d 764, 768 (5th Cir.2009) (citation omitted). However, granting leave to amend is not required if the plaintiff already pleaded his "best case." Id. "The trial court acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." Rio Grande Royalty Co. v. Energy Transfer Partners, L.P., 620 F.3d 465, 468 (5th Cir.2010) (citing Briggs v. Mississippi, 331 F.3d 499, 508 (5th Cir. 2003)). As explained *infra*, the opportunity to provide a more definite statement would not cure the deficiencies in Lee's complaint.

C. Religious Discrimination

Filing an administrative charge of discrimination with the EEOC is a prerequisite to filing a private civil action brought pursuant to the provisions of Title VII. Dao v. Auchan Hypermarket, 96 F.3d 787, 789 (5th Cir.1996). Under Title VII, an employee is required to file a timely charge of discrimination with the EEOC within 180 days of the alleged act of discrimination. 42 U.S.C. §2000e-5(e). This delay period is extended to 300 days because Louisiana is a "deferral" state.[1] 42 U.S.C. §2000e-5(e)(1). This filing deadline acts as a statute of limitations which is subject to waiver, estoppel, and equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 391 (1982).

The EEOC received Lee's EEOC Intake Questionnaire ("Questionnaire") on May 28, 2016, and Lee's formal EEOC Charge on July 21, 2016. Taking the earliest of these dates as the

---

[1] Louisiana is a "deferral" state because employment discrimination is prohibited under Louisiana law and a state agency, the Louisiana Commission on Human Rights, has been established to grant or seek relief for such discriminatory practices. Givs v. City of Eunice, 512 F.Supp.2d 522, 535 n.3 (W.D.La.2007).

date by which to measure timeliness, we find Lee may assert claims for religious discrimination that occurred on or after August 2, 2015. Any discriminatory conduct that occurred prior to August 1, 2015 is time barred[2].

Various documents attached to Lee's complaint establish the time frame of the alleged religious discrimination. At the time Lee was hired, in February 2015, a Parts Pro position had been posted and was open. (Docs. 1-2, p.23 and 1-3, p.29). Lee applied for the Parts Pro position, then withdrew his application, and then reapplied. Lee was not offered the position and it was by Jeff Eccleston in March 2015. (Id).

In May or June 2015, Smith asked Lee to close the store on a Sunday. (Doc. 1-3, p. 30). Lee accepted the work that Sunday but reminded Smith he had an arrangement with the prior manager that he did not work Sundays because of his church schedule. According to Lee, Smith retorted that "Robert [Lnu] was no longer a Manager and things were going to change." Id. Lee reported the exchange to his District Manager and filed a complaint. Lee contends that in response for reporting him, Smith began scheduling Lee to work on Sundays and cut his hours on other days. (Doc. 1-2, p.5).

Based on the foregoing, all of the alleged religious discrimination occurred prior to August 2, 2015, and are time barred.

---

[2] While the timely filing of a charge with the appropriate local, state, or federal agency is not a jurisdictional prerequisite, it is a precondition to filing suit. Accordingly, it is subject to defense such as equitable tolling. The doctrine of equitable tolling typically applies in three situations: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment; or (3) the EEOC's misleading the plaintiff about the nature of her rights. Hood v. Sears Roebuck & Co., 168 F.3d 231, 232 (5th Cir.1999). Lee has not alleged equitable tolling applies in his case. Even if he had, a review of the record reveals none of the circumstances in which equitable tolling would be warranted would apply here. Thus, the Court finds the limitations period in this case is not subject to equitable tolling.

D. Retaliation

Lee's claim that he was denied the Commercial Parts position based on discriminatory animus is not time barred as the position was posted after August 2015 and remained open until March 2016. However, we find the claim should be dismissed for other reasons.

Lee failed to state in his formal Charge why he was denied the Commercial Parts position. His main contention in his original and amended complaints is that he was discriminated against based on religion. However, in the roughly 90 pages of documents attached to his original complaint, nothing suggests he was denied the Commercial Parts position due to religious animus. Lee has not did not come forward with any additional information regarding this claim in either of his amended complaints. Thus, he has failed to provide sufficient evidence that the allegation is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).

To the extent Lee asserts the denial of the Commercial Parts position was based on retaliation, the claim should be dismissed for failure to exhaust. The only assertion of retaliation based on disability is found in Lee's Questionnaire in which stated he was retaliated against for asking for a disability accommodation for his back. No allegations of retaliation based on disability exist in his formal Charge and there is no indication the EEOC investigated any such claim. Moreover, there is no evidence that Advance Auto Parts received notice of a retaliation claim.[3] While "courts are to give leeway and make allowances for pro se plaintiffs when reviewing their failures with administrative complexities...", "[t]he consideration given to pro se plaintiffs is not enough to outweigh the major underlying purpose of the exhaustion requirement, which is to ensure that employers have notice of claims of discrimination." Harris v. Honda, 213 Fed.Appx. 258, 262 (5th Cir.2006).

---

[3] Advance Auto Parts' position statement to the EEOC does not address any such claim. (Doc. 1-2, p.20-24)

We also note that Lee asserted a conclusory claim for retaliation for filing an EEOC charge for the first time in his motion to file a second amended complaint. Record evidence shows Lee filed his EEOC complaint on July 21, 2016. No additional Charge containing allegations of retaliation appear before us and would not be properly brought in the instant lawsuit.

### III. CONCLUSION

In light of the foregoing, Advance Auto Part's motion to dismiss Lee's claims will be granted. We will issue a judgment in conformity with these findings.

**SIGNED** this 5th day of September 2019, at Alexandria, Louisiana.

**JUDGE DEE D. DRELL**
**UNITED STATES DISTRICT COURT**